NICHOLAS DIAZ v. THE STATE.

No. 13390. Dismissed May 28, 1930.
Reinstated June 25, 1930.
Delivered October 8, 1930.
Reported in 31 S. W. (2d) 811.

The opinion states the case.

*Roy F. Formway* of Roby, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for transporting intoxicating liquor, punishment being one year in the penitentiary.

The day after court adjourned appellant made bond to secure release pending this appeal. It is approved by the sheriff only. The statute (Art. 818 C. C. P.) requires that it be approved both by the sheriff and the trial judge. (See authorities under Note 1, Art. 818, Vernon's Tex. C. C. P., Vol. 3.)

If appellant desires to further prosecute his appeal he may have fifteen days from this date to enter into proper bond and file with this court a record thereof, in connection with a motion to reinstate.

The appeal is dismissed.

*Dismissed.*

### ON MOTION TO REINSTATE.

HAWKINS, JUDGE.—The appeal was dismissed at a former day of the term because of insufficient appeal bond. A good bond properly approved has been filed within the time specified and the appeal is reinstated and the case will stand for later consideration on its merits.

*Reinstated.*

HAWKINS, JUDGE.—Conviction is for transporting intoxicating liquor, punishment being one year in the penitentiary.

The sheriff saw appellant and another Mexican—presumably one Gonzales—go together towards an oil mill. The officer secreted himself in a seed house, and presently saw appellant returning alone with something under his arm. When confronted by the officer appellant dropped a sack which contained a quart fruit jar of whisky, kicked at it, but missed it.

Appellant defended on the ground that he had purchased the whisky from Gonzales and was transporting it for medicinal purposes to relieve fainting attacks which affected his throat and breast. He had one witness present who had known appellant many years; had seen him have what the witness described as "choking spells" when appellant would have to lie down; this witness testified that whisky would relieve appellant.

The only legal question presented is whether the court erred in not granting a new trial for newly discovered evidence. The record shows that appellant knew of several witnesses whose testimony would have thrown light on his defense but no effort was made to secure their evidence. This cannot be excused by the general statement found in the motion to the effect that appellant could not speak English, nor his attorney Spanish, and that the interpreter available to them in consultation was inefficient, and that they did

not understand each other. It is perfectly apparent from the record that both appellant and his attorney knew the defense to be interposed was that appellant had the whisky for medicinal purposes.

The trial was had on October 17th. Attached to the motion for new trial is the affidavit of a physician which was obtained on October 24th, stating that he had examined appellant on October 20th—three days after the trial—and found him suffering with Cardiac Asthma of perhaps ten years' standing, and that whisky would relieve attacks of said trouble. It is not perceived why the testimony of said physician was not available at the trial. Appellant himself testified that a physician in Oklahoma told him many years before to drink whisky for his trouble. It occurs to us that this information would have suggested an examination by the doctor before the trial, and certainly the developments at the trial made it pertinent, but no effort seems then to have been made to secure such examination.

We think appellant has failed to bring himself within the rule of diligence required where a new trial is sought for newly discovered evidence. See Branch's Ann. Tex. P. C., Secs. 192, 198, under which many authorities are collated.

The judgment is affirmed.

*Affirmed.*